*In re* MARRIAGE OF ALBERT ASCHWANDEN, Petitioner and Counterrespondent-Appellee, and EDITH BRIGITTA ASCHWANDEN, Respondent and Counterpetitioner-Appellant.

Fourth District   No. 15377

Opinion filed October 19, 1979.—Rehearing denied October 18, 1979.

Richard J. Welsh and Richard L. Heavner, both of Welsh, Kehart & Shafter, P. C., of Decatur, for appellant.

Rosenberg, Rosenberg, Bickes & Johnson, Chartered, of Decatur (Wayne L. Bickes, of counsel), for appellee.

FILED ON DENIAL OF REHEARING

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Albert Aschwanden filed a petition for dissolution of marriage from Edith Aschwanden, his wife of 26 years. Edith filed a counterpetition for a legal separation and she later filed for a dissolution of marriage. The parties had no children. At the time of the filing of the pleadings, Albert lived in Decatur, Illinois, and Edith in Lucerne, Switzerland.

On April 25, 1978, the cause was called for hearing and the attorneys for these parties stipulated to waive the 48-hour delay required by section 403(e) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 403(e)). The purpose of the stipulation was to enable the court to hear all of the evidence both as to grounds for dissolution and as to property at one time. Both parties testified in support of their respective petitions for dissolution of the marriage. The court found that the petitioner (counterrespondent, hereinafter petitioner) had established sufficient grounds for dissolution. The trial court stated:

"Based upon the grounds, it is the finding of the Court that the Petitioner has in fact established sufficient grounds to constitute the grounds of mental cruelty. With regard to the aspect of the counterpetition, it is the finding of the Court that the counterpetitioner has failed to establish sufficient facts to constitute the grounds of mental cruelty, but realistically, under the new law divorce is granted to both parties without regard to fault, and, of course, we may proceed with regard to the aspect of the property, and, of course, any acts constituting the grounds is basically not considered by the Court with regard to the aspect of property. Since you have filed the initial petition, Mr. Bickes, you may proceed."

The court then immediately proceeded to hear the evidence on property division and maintenance. Based upon this record we must conclude that the grounds for dissolution as well as the property issues were contested.

After hearing the evidence, the trial court ordered: (1) The parties' income tax refund of $8,224 was to be equally divided between them; (2) petitioner was to transfer $120,000 worth of Archers-Daniels-Midland stock to respondent (counterpetitioner, hereinafter respondent); and (3) petitioner was to pay respondent $15,000 maintenance per year for a

period of 10 years. Upon respondent's motion for rehearing and petition for payment of attorney's fees, the trial court modified the previous judgment to provide for $15,000 maintenance per year for a period of 12 years, and if petitioner should die during that period, the award of maintenance would become a lien against his estate. The court also ordered the petitioner to pay $14,000 of respondent's $20,000 attorney's fee.

On appeal, respondent argues that the trial court's award of maintenance and marital property division was inequitable. Section 503(c) of the Act requires that the trial court consider a number of elements in awarding a division of marital property "in just proportions" (Ill. Rev. Stat. 1977, ch. 40, par. 503(c)). The parties presented evidence on several of the elements set forth in section 503(c).

At the time of the hearing, petitioner was 51 years old and the respondent was 47. During the 26 years of marriage, respondent was a homemaker and she worked from time to time as a dental assistant. Petitioner worked fulltime throughout the marriage and has provided the bulk of the marital property assets. Petitioner is now employed as an executive of Archers-Daniels-Midland.

The parties divided their furniture and other personal belongings between themselves before the trial. The primary assets of the marital property is 37,400 shares of Archers-Daniels-Midland stock which is owned by the petitioner. At the date of the trial, the stocks sold for $15⅛ per share. Therefore, the stock had a total value of $565,675. Petitioner's income during the last five years has ranged from $72,000 to $116,000. Petitioner also owns other stock valued at approximately $26,000 and a house purchased for $51,000. Petitioner testified that he had total assets of approximately $592,000 and a net worth of $543,000.

Respondent testified that after the parties separated in 1977, she moved to Switzerland and began working as a parttime dental assistant. Respondent works only 20 hours a week because of a back ailment which prohibits her from working more.

Respondent's ·standard of living has declined since the parties separated because respondent's net income of $500 per month is insufficient to maintain the standard of living which she had been accustomed to during the years of marriage.

■■ The award of $120,000 of Archers-Daniels-Midland stock represents only about 22% of the net worth of the marital property. We find that the trial court's property award fails as a matter of law to meet the just proportions' requirement set forth in section 503(c) considering all of the factors set forth in that section. The court's maintenance award and award of attorney's fees do not make the marital property award equitable. Therefore, this case must be reversed and remanded. During

oral argument, it was pointed out that the value of the Archers-Daniels-Midland stock has increased since the date of the trial. Upon remand, the trial court, in determining a division of the marital property, shall take judicial notice of the value of the stock on the date of the new trial.

■■ We are compelled to reverse and remand this case for an additional reason. The present case involves a contested trial in which all the issues were heard in one day. The parties agreed to waive the 48-hour waiting period required by section 403(e) (Ill. Rev. Stat. 1977, ch. 40, par. 403(e)). Recently, the Illinois Supreme Court held that section 403(e) is not only constitutional, but it is mandatory and cannot be waived by the parties. (*Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 389 N.E.2d 1170.) Noncompliance with the 48-hour waiting period requires that we reverse and remand this case for further proceedings, except that that portion of the judgment which orders the dissolution of marriage is affirmed. *Strukoff.*

Affirmed in part, reversed in part; and remanded with directions.

REARDON, P. J., and GREEN, J., concur.