## Norfolk

### JAMES DENNIS WAGNER

v.

### MARY HELEN TILLMAN WAGNER

No. 1134-90-1

Decided September 22, 1992

COUNSEL

Joseph L. Lyle, Jr. (Kaufman & Canoles, on brief), for appellant.

Henry M. Schwan, for appellee.

Opinion

MOON, J.—In this case, the trial court's equitable distribution award was reversed and remanded for a new hearing.[1] On this appeal from the remand hearing, we uphold the trial judge's determination of the date for evaluation of a spouse's interest in marital property as the date of the remand hearing.

James and Mary Wagner separated in 1982. Divorce proceedings were instituted in 1983, and the court granted Mr. Wagner a divorce on the ground of desertion. An equitable distribution award in the amount of $41,000 and a spousal support award were entered in 1988. Mr. Wagner appealed that decree and we reversed because the trial court erred (1) in granting the husband a divorce on the ground that the wife deserted the husband, (2) in declaring that the wife's interest in a shopping center was separate, not marital property, and (3) in awarding the wife certain stock which was found to be retirement benefits payable as part of the $41,000 equitable distribution award.

Upon remand, the court awarded Mrs. Wagner a divorce on the ground of the parties having lived separate and apart for more than twelve months. The court also awarded her a lump sum spousal support award of $11,000 based on $500 per month from the date of the original final decree until the wife remarried in June 1987. The court took evidence as to the current value of the marital property. The court awarded the wife $121,000 in cash plus a twenty-five percent interest in the husband's pension plan and retirement package that was found to be marital property and which included 4800 shares of Landmark Communications, Inc. and 4800 shares of TeleCable Corporation stock that had a total value of $514,752 as of the November 1988 evidentiary hearing. Mr. Wagner's pension plan was valued at $130,284 at the remand hearing because of a stock option agreement entered into by stockholders in 1987 and the increasing success of Landmark Communications, Inc. Additionally, the stockholders of TeleCable had been granted a cash dividend worth $605,000 to Mr. Wagner on his shares, eighty percent of which was marital property. The court ordered that Mrs. Wagner receive $121,000 for her share of the dividend.[2]

---

[1] *Wagner v. Wagner*, 4 Va. App. 397, 358 S.E.2d 407 (1987).

[2] At the 1984 hearing, the trial court ruled that the stock plan was a retirement benefit. Neither party appealed and both parties agree the earlier ruling became the law of the case. *Wagner*, 4 Va. App. at 405, 358 S.E.2d at 411.

## I. *Evaluation Upon Remand*

The husband claims that the court erred in not basing the value of the wife's interest upon the evidence heard in 1984 instead of that heard in 1988. He argues the increase in value was due in part to his efforts in making the company successful. However, other evidence showed that he was one employee among many who contributed to the corporation's success in the ordinary exercise of their employment duties. He was paid an ample salary for his services to the corporation and his efforts inured to the benefit of all stockholders. He was a minority stockholder. Appellant argues that the wife should not share in the increased value of his stock and that he should not share in the decreased value of the wife's shopping center interest. However, the court accepted the wife's argument that the current value should apply to all of the marital assets.

In *Gaynor v. Hird*, 11 Va. App. 588, 400 S.E.2d 788 (1991), we held that, upon remand, assets should be valued at the time of rehearing. There, we were considering evaluation of jointly held marital property, not separately held marital property. However, we believe that the reasons for reevaluation on remand are the same as in the original hearing—to obtain the most accurate evaluation and equitable distribution.

A decision of this Court and decisions of courts of other jurisdictions support the proposition that reevaluation should be made on remand. *Mitchell v. Mitchell*, 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987).

> Where fluctuations in value are so rapid as to be material between the date of hearing and the date on which the actual division is made, the decree should contain a provision permitting modification taking account of the changes.

*Bollenbach v. Bollenbach*, 285 Minn. 418, 175 N.W.2d 148 (1970) (holding that if the market value of an asset can be ascertained, the decree should account for the change in value between the date of the decree and the timely execution of the distribution plan in the decree, the distribution based on value at the distribution date); *see Cleverly v. Cleverly*, 151 Vt. 351, 561 A.2d 99 (1989) (requiring reevaluation upon remand).

In *Sutliff v. Sutliff*, 518 Pa. 378, 383-84, 543 A.2d 534, 537 (1988), the court found that the proper date for valuing the parties' marital

assets for equitable distribution purposes was the distribution date. In *Sutliff*, a considerable time, over three years, had passed between the date of separation and the date of distribution of marital assets and a substantial fluctuation in the value of the assets may have occurred. In *In re Marriage of Aschwanden*, 76 Ill. App. 3d 680, 682-83, 395 N.E.2d 767, 769 (1979), *aff'd as modified*, 82 Ill. 2d 31, 411 N.E.2d 238 (1980), the court, in remanding for a more equitable division of property involving stock that had increased in value after the initial division of property, instructed the trial court to take judicial notice of the value of the stock on the date of the new trial.

Accordingly, we hold the trial court did not err in using the most current evaluation upon rehearing. We distinguish this case from *Kaufman v. Kaufman*, 12 Va. App. 1200, 409 S.E.2d 1 (1991). In *Kaufman*, we held it error to reevaluate a specific item of marital property, the value of which was in issue on appeal. In that case, it appears that the trial court reevaluated the property because it believed the value of the property initially had been wrongly calculated. Also in *Kaufman*, no issue was raised whether the property should have been reevaluated upon rehearing.

## II. *The Shopping Center*

Husband argues that the value of the wife's five percent interest in the shopping center, built upon leased land, should be the $225,000 value it had in 1988. He contends that the court's finding that her interest had become worthless at the time of the remand hearing was the result of the value being manipulated by the wife's father. On appeal, we construe the evidence in the light most favorable to the appellee. The wife's father testified that the long-term refinancing that caused the shopping center to lose value by delaying any profit from the shopping center until 1994 to 1995, was not due to any deliberate decision by the wife or, on her behalf, by him to devalue the stock, but was a legitimate business strategy. Thus, the evidence supported the trial judge's finding that the shopping center had no value for equitable distribution purposes.

Furthermore, the court attempted to ameliorate any inequity to the husband by awarding him one-half of the wife's interest. Thus, if and when her interest becomes valuable, the husband will share in the gain.

The husband also claims the court had no authority in 1982, when the parties separated, to award him part of the wife's separate property, the shopping center, and thus the court could not do so now. It is true that the law did not permit such a transfer in 1982, but it is the wife who is within the class the law protected under these circumstances, not the husband, and the wife does not complain. Furthermore, since the shopping center had no value, the court could not have awarded the husband money.

Thus, we cannot hold as a matter of law that the trial judge abused his discretion in evaluating or dividing the marital interest in the shopping center.

### III. *The Husband's Stock*

The husband maintains that he should have been allowed to satisfy the wife's award, insofar as the pension is concerned, by a lump sum payment of the percentage value pursuant to the provisions of former Code § 20-107.3(D). That section made such action subject to the trial court's approval. The trial court did not approve such a payment and there is no showing of an abuse of discretion. Moreover, as we discussed earlier, the trial judge did not err in using the most current values available when the monetary award was redetermined on remand.

With regard to the husband's questions concerning spousal support, attorney's fees and child support, we hold the issues to be without merit. All decisions on these issues were within the sound discretion of the trial judge and the record shows no abuse of that discretion.

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*

Benton, J., concurred.

Barrow, J., dissenting.

Revaluing the marital assets after an appeal to redetermine a monetary award may result in an inequitable monetary award if the factors that must be considered under Code § 20-107.3 are not also re-evaluated to reflect changes that may have occurred while the appeal was pending. Furthermore, the "marital partnership" justifying the award of a monetary sum based, in part, on the value of the assets acquired during a marriage, terminates upon divorce; therefore, a monetary

award based on the value of assets several years after a divorce is inconsistent with the purpose of Code § 20-107.3.

The valuation of marital assets required under Code § 20-107.3 provides the foundation for "a fair and equitable monetary award based upon the equities and the rights and interests of each party in the marital property." *Mitchell v. Mitchell*, 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987). Generally, in order to determine the value of the assets, a valuation date should be selected that will provide the court "with the most current accurate information available which avoids inequitable results." *Id.*

Usually, the "value of the assets determined as near as practicable to the date of [the original] trial" is the most current and accurate value available. *Id.* Occasionally, a date "prior to the date of trial" should be selected as the date on which to value the assets if the "values determined upon the date of trial may result in a monetary award which is not 'fair and equitable.'" *Id.*

This rule, now codified by statute,[3] guides the selection of the date for valuing the parties' assets between the date of their marital separation and the date of their divorce; however, to construe this rule to require the assets to be revalued upon a remand following an appeal may create, not avoid, "inequitable results." The monetary award is based, not only on the value of the parties' assets, but on various factors enumerated in Code § 20-107.3(E). As the value of the assets may have changed while the appeal was pending, so too may the factors identified in Code § 20-107.3(E), especially the contributions of each party in the care and maintenance of the marital property; the ages, physical and mental condition of the parties; the debts and liabilities of each of the parties; the liquid and non-liquid character of the marital property; and the tax consequences to each party. *See* Code § 20-107.3(E). Thus, reconsidering the value of the assets without reconsidering the factors in Code § 20-107.3(E) "may result in a monetary award which is not 'fair and equitable.'" *Mitchell*, 4 Va. App. at 118, 355 S.E.2d at 21.

In this case, the commissioner, whose recommendations the trial court adopted, redetermined only the value of the husband's stock in Landmark Communications, Inc. and TeleCable Corporation and the value of the wife's interest in her father's shopping center. He did not

---

[3] Code § 20-107.3(A); *Gaynor v. Hird*, 11 Va. App. 588, 593 n.1, 400 S.E.2d 788, 791 n.1 (1991).

revalue any other assets, nor did he reconsider any of the factors in Code § 20-107.3(E). Instead, he simply applied the same percentage factor he had determined at the evidentiary hearing held before the appeal to the new values he found for the husband's stock after the appeal. In my opinion, the trial court erred in making a monetary award based on this determination.

The selection of a valuation date following an appeal involves different considerations than those involved in selecting a valuation date upon termination of the marriage. "The marital partnership notion terminates with the termination of the marriage." *Reid v. Reid*, 7 Va. App. 553, 565, 375 S.E.2d 533, 540 (1989); *see also Marion v. Marion*, 11 Va. App. 659, 668, 401 S.E.2d 432, 438 (1991); *Stainback v. Stainback*, 11 Va. App. 13, 21-22, 396 S.E.2d 686, 691-92 (1990). The purpose of Code § 20-107.3 is to distribute equitably the marital property accumulated at that time. *Reid*, 7 Va. App. at 565, 375 S.E.2d at 540. The parties' future "has no bearing on the issue of the appropriate division of what has been accumulated by their contributions during the marriage." *Id*. Therefore, a marital award should be carefully determined following an appeal so as not to include inadvertently the events occurring or property acquired after termination of the marriage and at the same time compensate the party entitled to the award for any loss of use of the award during the pendency of the appeal.

Generally, these goals can best be accomplished by using the original date selected for valuing the assets and, if determined correctly initially, using the same values to redetermine the monetary award. Any loss of use can be compensated for by allowing interest on the award from the date of the original decree. If, because of unusual circumstances, such as artificially depressed values, use of the original values would result in an inequitable award upon remand, the trial court may select another date for valuing the assets that will produce an equitable monetary award, as indicated by the considerations required by Code § 20-107.3(E). If a different date is used, the factors to be considered under Code § 20-107.3(E) should be reconsidered to reflect any changes occurring between the original valuation date and the new date.

For these reasons, I would reverse the trial court's monetary award and remand this matter for a redetermination of the monetary award in a manner consistent with the principles expressed in my opinion. Therefore, I dissent from the majority's decision.