## Richmond

JAMES DENNIS WAGNER

v.

MARY HELEN TILLMAN WAGNER

No. 1134-90-1

Decided June 15, 1993

COUNSEL

Conrad M. Shumadine (Willcox & Savage, P.C., on brief), for appellant.

Henry M. Schwan, for appellee.

## UPON REHEARING EN BANC

Opinion

**MOON, C.J.*** —Upon rehearing en banc, we hold that the trial judge did not abuse his discretion in holding that, upon remand from a prior appeal, the date for valuing the marital property should be the date of the remand hearing. The panel decision from which the en banc hearing was granted reached the same conclusion. *Wagner v. Wagner*, 15 Va. App. 120, 421 S.E.2d 218 (1992).

James and Mary Wagner separated in 1982. Divorce proceedings were instituted in 1983, and the court granted Mr. Wagner a divorce on the ground of desertion. An equitable distribution award in the amount of $41,000 and a spousal support award were entered in 1988. Mr. Wagner appealed the equitable distribution portion of the decree and Mrs. Wagner cross-appealed the award of a fault-based divorce to Mr. Wagner. In that appeal decision, *Wagner v. Wagner*, 4 Va. App. 397, 358 S.E.2d 407 (1987), we reversed because the trial court erred (1) in granting the husband a divorce on the ground that the wife deserted the husband, (2) in declaring that the wife's interest in a shopping center was separate, not marital property, and (3) in awarding the wife certain stock that was found to be retirement benefits payable as part of the $41,000 equitable distribution award.

Upon remand, the court awarded Mrs. Wagner a divorce on the ground of the parties having lived separate and apart for more than twelve months. The court also awarded her a lump sum spousal support award of $11,000 based on $500 per month from the date of the original final decree until the wife remarried in June 1987. Based upon current values of the marital property, the court made a new award. The court awarded the wife $121,000 in cash plus a twenty-five percent interest in the husband's pension plan and retirement package that was found to be marital property. The pension plan included 4800 shares of Landmark Communications, Inc., and 4800 shares of TeleCable Corporation stock that had a total value of $514,752 as of the November 1988 evidentiary hearing. Mr. Wagner's pension plan was valued at $130,284 at the remand hearing because of a stock option agreement entered into by stockholders in 1987 and the increasing success of Landmark Communications, Inc. Additionally, the stockholders of TeleCable had been granted a cash dividend worth $605,000 to Mr. Wagner on his shares, eighty percent of which was

---

\* On May 1, 1993, Judge Moon succeeded Judge Koontz as Chief Judge.

marital property. The court ordered that Mrs. Wagner receive $121,000 for her share of the dividend.[1]

## I. *Evaluation Upon Remand*

The husband contends that the court erred in not basing the value of the wife's interest upon the evidence heard in 1984 rather than that heard in 1988. He argues the increase in value of the pension was due in part to his efforts in making the company successful. However, other evidence showed that he was one employee among many who contributed to the corporation's success in the ordinary exercise of their employment duties. He was paid an ample salary for his services to the corporation and his efforts inured to the benefit of all stockholders. He was a minority stockholder. Appellant argues that the wife should not share in the increased value of his stock interest and that he should not suffer from the decreased value of the wife's shopping center interest. However, the court accepted the wife's argument that the current value should apply to all of the marital assets.

In *Gaynor v. Hird*, 11 Va. App. 588, 400 S.E.2d 788 (1991), we held that, upon remand, assets should be valued at the time of rehearing. There, we were considering evaluation of jointly held marital property, not separately held marital property. However, we believe that the reasons for re-valuation on remand are the same as in the original hearing — to obtain the most accurate valuation and equitable distribution.

A decision of this Court and decisions of courts of other jurisdictions support the proposition that re-valuation should be made on remand. See *Mitchell v. Mitchell*, 4 Va. App. 113, 355 S.E.2d 18 (1987).

In *Bollenbach v. Bollenbach*, 285 Minn. 418, 175 N.W.2d 148 (1970), the Minnesota Supreme Court held that if the market value of an asset can be ascertained, the decree should account for the change in value between the date of the decree and the timely execution of the distribution plan in the decree, with the distribution based on the value at the distribution date. *See also Cleverly v. Cleverly*, 151 Vt. 351, 561 A.2d 99 (1989) (requiring reevaluation upon remand).

---

[1] At the 1984 hearing, the trial court ruled that the stock plan was a retirement benefit. Neither party appealed and both parties agree the earlier ruling became the law of the case. *Wagner*, 4 Va. App. at 405, 358 S.E.2d at 411.

In *Sutliff v. Sutliff*, 518 Pa. 378, 383-84, 543 A.2d 534, 537 (1988), the court found that the proper date for valuing the parties' marital assets for equitable distribution purposes was the distribution date. In *Sutliff*, a considerable time, over three years, had passed between the date of separation and the date of distribution of marital assets and a substantial fluctuation in the value of the assets may have occurred.

In *In re Marriage of Aschwanden*, 76 Ill. App. 3d 680, 682-83, 395 N.E.2d 767, 769 (1979), *aff'd as modified*, 82 Ill. 2d 31, 411 N.E.2d 238 (1980), the court, in remanding for a more equitable division of property involving stock that had increased in value after the initial division of property, instructed the trial court to take judicial notice of the value of the stock on the date of the new trial.

Accordingly, we hold the trial court did not err in using the most current valuation upon rehearing. We distinguish this case from *Kaufman v. Kaufman*, 12 Va. App. 1200, 409 S.E.2d 1 (1991). In *Kaufman* we held it error to re-valuate a specific item of marital property, the value of which was in issue on appeal. In that case, it appeared that the trial court re-valuated the property because it believed the value of the property initially had been wrongly calculated. Also, in *Kaufman*, no issue was raised whether the property should have been re-valued upon rehearing.

## II. *The Shopping Center*

Husband argues that the value of the wife's five percent interest in the shopping center, built upon leased land, should be the $225,000 value it had in 1988. He contends that the court's finding that her interest had become worthless at the time of the remand hearing was the result of the value being manipulated by the wife's father. On appeal, we construe the evidence in the light most favorable to the appellee. The wife's father testified that the long-term refinancing that caused the shopping center to lose value by delaying any profit from the shopping center until 1994 or 1995, was not due to any deliberate decision by the wife or, on her behalf, by him to de-value the stock, but was a legitimate business strategy. Thus, the evidence supported the trial judge's finding that the shopping center had no value for equitable distribution purposes.

Furthermore, the court attempted to ameliorate any inequity to the husband by awarding him one-half of the wife's interest. Thus, if and

when her interest becomes valuable, the husband will share in the gain.

The husband also contends the court had no authority in 1982, when the parties separated, to award him part of the wife's separate property, the shopping center, and, thus, the court could not do so now. It is true that the law did not permit such a transfer in 1982, but it is the wife who is within the class protected under these circumstances, not the husband, and the wife does not complain. In fact, the wife suggested such transfer in view of the husband's allegation that the value had been deliberately diminished by the wife's father. Furthermore, because the shopping center had no value, the court could not have awarded the husband money for his interest.

Thus, we cannot hold as a matter of law that the trial judge abused his discretion in valuing or dividing the marital interest in the shopping center.

### III. *The Husband's Stock*

The husband maintains that he should have been allowed to satisfy the wife's award based upon the pension by a lump sum payment of the percentage value pursuant to the provisions of former Code § 20-107.3(D). That section made such action subject to the trial court's approval. The trial court did not approve such a payment and there is no showing of an abuse of discretion. Moreover, as we discussed earlier, the trial judge did not err in using the most current values available when the monetary award was re-determined on remand.

With regard to the husband's questions concerning spousal support, attorney's fees, and child support, we hold the issues to be without merit. All decisions on these issues were within the sound discretion of the trial judge and the record shows no abuse of that discretion.

### IV. *Application of Code § 20-107.3 Factors*

In his en banc brief, appellant raises the issue "whether the trial court erred by valuing the marital assets as of a different date than the one on which it considered the equitable factors enumerated in Va. Code § 20-107.3." Obviously, when there is a re-valuation of marital property, a reconsideration of the equitable award based upon all of the factors contained in Code § 20-107.3 is also appropriate.

Our review of the record shows that the Commissioner in Chancery reconsidered the equitable distribution award and recommended that the marital property under consideration be distributed seventy-five percent to the husband and twenty-five percent to the wife, as in the previous award. Although appellee immediately filed exceptions to the award claiming that the twenty-five percent awarded to her was grossly inadequate, appellant took no exception to the finding that he received "only" seventy-five percent. Likewise, he did not make such an objection to the final order, although he did object for other specific reasons. In fact, when appellant appealed to this Court, he did not state in his opening brief, as required in Rule 5A:20(C), any question resembling that which he now raises on rehearing en banc. Accordingly, we do not address the merits of that question.

The judgment appealed from is affirmed.

*Affirmed.*

Baker, J., Benton, J., Coleman, J., Willis, J., Bray, J., and Fitzpatrick, J., concurred.

Barrow, J., dissenting.

Using current values of property to reassess a monetary award after an appeal incorporates the effect of events occurring after the parties have divorced. After a divorce the parties undertake independent lives. Consequently, the circumstances affecting the property and the parties may be quite different from those existing before the divorce. The General Assembly did not intend a monetary award to reflect circumstances existing after a divorce. For this reason, I do not join in the majority's decision.[2]

In enacting Code § 20-107.3, the General Assembly recognized "marriage as a partnership to which each party contributes." *Report of the Joint Subcommittee Studying Section 20-107 of the Code of Virginia to the Governor and the General Assembly of Virginia*, H. Doc. No. 21, at 7 (1982); *see also Williams v. Williams*, 4 Va. App. 19, 24, 354 S.E.2d 64, 66 (1987). The value of these contributions prompted the General Assembly to conclude that they "should be

---

[2] The majority's decision is not premised on our panel's reversal of the parties' divorce or on requirements governing the evaluation of a pension or other deferred compensation plan. The decision's rationale applies to any re-evaluation of assets upon a reversal and a remand of a monetary award.

weighed, along with other factors, in allocating marital assets . . . *when [the parties] are divorced."* H. Doc. No. 21, *supra*, at 7 (emphasis added).

Thus, the General Assembly provided for a monetary award based upon "the equities and the rights and interests of each party in the *marital property"* and certain enumerated factors, including each party's contributions to the marital partnership. Code § 20-107.3(D) (emphasis added). By defining marital property as "all property titled in the names of both parties" or "all other property acquired by each party *during the marriage* which is not separate property," the General Assembly excluded property acquired outside of the marriage from consideration in arriving at a monetary award. Code § 20-107.3(A)(2) (emphasis added).

The General Assembly's intent, therefore, was to adjust the equities of the parties in their property based only on the parties' contributions during the marriage. The General Assembly did not intend to empower courts to continue to adjust the equities of the parties in their property after their marriage was terminated. Revaluing the parties' assets at current values upon remand following an appeal effectively readjusts the equities of the parties in their property based on values and contributions made after the marriage has ended, a result unintended by the General Assembly.

The character and, consequently, the value of property is rarely static. Its nature and value change because of improvements made to the property, the lack of such improvements, the increase or decrease in the demand for the property, or because of external economic changes. We have recognized the fluctuant nature of property values by requiring that the value of marital assets used in making a monetary award should be determined as close as practicable to the date of trial, as opposed to the date of separation. *Mitchell v. Mitchell,* 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987); *Price v. Price,* 4 Va. App. 224, 232, 355 S.E.2d 905, 909-10 (1987); *see also Aster v. Gross,* 7 Va. App. 1, 4-5, 371 S.E.2d 833, 835-36 (1988) (applying this principle to the valuation of pension and profit-sharing plans).

To assert that this holding supports revaluing the assets after an appeal ignores its underlying rationale — under the concept of a marital partnership changes in the value of marital property *during a marriage* should be recognized in making a monetary award. The converse should apply after a divorce. While the value of property continues to

change, the absence of a marital partnership demands that a monetary award, based on a marital partnership, should not be affected by changes in value after the termination of the marital partnership.

The principle applicable is different if the property is jointly owned. If property remains jointly owned following a divorce, both parties continue to bear the risk of loss or gain in appreciation and the responsibility for contributing to the maintenance of the property. Such an asset should be revalued upon remand after an appeal, if the property is to then be allocated to one of the parties, because, although the marital partnership has ended, the joint ownership has not ended. *Gaynor v. Hird*, 11 Va. App. 588, 593, 400 S.E.2d 788, 790-91 (1991). Conversely, individually owned property offers a non-owning spouse neither rights nor responsibilities beyond the monetary award based on the marital partnership. *See* Code § 20-107.3(B).

Revaluing the assets at current values not only captures non-marital values in the determination of the maritally based monetary award, it also ignores changes that may have occurred in the various factors required to be considered in formulating such an award. The contributions of each party in the care and maintenance of the marital property, the ages, physical and mental condition of the parties, the debts and liabilities of each of the parties, the liquid and non-liquid character of the marital property, and the tax consequences to each party, will all likely have changed following their divorce. In the case before us, the value of the assets have changed, the wife has remarried and has become employed full-time, a child has been emancipated, and the husband has continued his employment as an executive with a closely-held corporation resulting in his acquisition of the significant stock and dividends which are the primary subject of this continued dispute. Revaluing only selected assets in recalculating the monetary award ignores other factors in the calculation which have also changed.

Finally, revaluing the assets departs from the need for finality in litigation and introduces new ambiguities in the law. An appeal that leaves open the future determination of the value of assets leaves the parties in a sea of uncertainty. If one chooses after divorce to sell a marital asset and commingle the proceeds with separate property, is the separate property, or its appreciation, to be classified as marital property upon remand? If a divorced spouse adds improvements to what was before the award marital property, are the improvements, upon remand, to be considered marital property? If a divorced spouse

uses what was before the award marital assets to send children to college, will these expenditures, upon remand, result in a reduced monetary award? If, on the other hand, a re-evaluation of a monetary award upon remand is based on the value of the assets at the time of divorce, each party to a divorce is assured that his or her financial future is no longer tied to the former spouse. Not having such assurance will surely chill appeals of monetary awards.

To be faithful to the General Assembly's intent in adopting Code § 20-107.3, upon remand, a monetary award should be redetermined using the values originally determined at the time of divorce. If these values were incorrectly determined, they should be redetermined, as close as practicable, as of the date of divorce. In extraordinary cases, use of the values at the date of divorce may result in an inequitable award upon remand. For example, should one spouse continue to contribute to the maintenance of the other spouse's individually owned property or should it be determined that the value at the date of divorce was artificially depressed, a trial court may select a more current date for valuing the assets that will produce an equitable monetary award, as indicated by the considerations required by Code § 20-107.3(E). However, if a different date is used, the factors to be considered under Code § 20-107.3(E) should also be reconsidered to reflect any changes occurring between the date of divorce and the new valuation date.

This was not done in this case. Upon remand, the wife sought to have the property valued as of the date of the current hearing and the husband sought to have the property valued as of the date of the original evidentiary hearing. The trial court ordered that the marital property be valued as of the date of the evidentiary hearing to be held by a commissioner, not as of the date of the original hearings. The trial court further ordered the commissioner to hear evidence and report "on the other issues for a determination pursuant to the opinion and holdings of the Court of Appeals." The commissioner revalued only the wife's shopping center, the husband's stock in his employer, and his pension plan. The commissioner then adopted the same formula — twenty-five percent of the husband's "retirement benefits" that included the stock he had received from his employer's stock option plan after the divorce — that had been considered in making the original award. The commissioner adopted the same formula because "[t]he Court of Appeals did not alter this position." The trial court adopted the commissioner's recommendation and applied the original

twenty-five percent figure to the new values in determining the new monetary award.

For the reasons I have described, I would reverse the trial court's monetary award and remand this matter for a redetermination of the monetary award in a manner consistent with the principles expressed in this opinion. Therefore, I dissent from the majority's decision.