COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Bumgardner and Clements
Argued at Alexandria, Virginia


PATRICIA D. IRLBACHER

MEMORANDUM OPINION[*] BY
v.   Record No. 2083-00-4      JUDGE JEAN HARRISON CLEMENTS
                                    AUGUST 7, 2001
GEORGE W. IRLBACHER, JR.


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Peyton Farmer, Judge

Charles B. Roberts (Roberts Law Office, on
brief), for appellant.

Timothy W. Barbrow (Joseph A. Vance, IV &
Associates, on brief), for appellee.


Patricia D. Irlbacher (wife) appeals from the equitable

distribution order prepared by George W. Irlbacher, Jr., (husband)

and entered by the trial court on July 27, 2000. Wife contends

the trial court erred (1) in granting husband's first exception to

the commissioner's report and ordering that wife's retroactive

share of husband's military retired pay be based on husband's

"net" military retired pay rather than the "taxable income"

portion of his military retired pay, (2) in ordering that wife's

prospective share of husband's military retired pay and the

benefits under the Survivor Benefit Plan (SBP) be calculated using

a formula that is inconsistent with the commissioner's

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

recommendation, (3) in failing to order husband to be responsible for all of the tax consequences associated with the North Carolina property transferred to husband as recommended by the commissioner, and (4) in refusing to add certain clarifying language to the order.  For the reasons that follow, we affirm in part, reverse in part, and remand.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

On appeal, we view the evidence in the light most favorable to the prevailing party below and grant to that evidence all reasonable inferences fairly deducible therefrom.  Wagner v. Wagner, 16 Va. App. 529, 532, 431 S.E.2d 77, 79 (1993).  In challenging a decision on appeal, the party seeking reversal bears the burden of demonstrating error on the part of the trial court. D'Agnese v. D'Agnese, 22 Va. App. 147, 153, 468 S.E.2d 140, 143 (1996).  "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Scrinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

Wife's first three assignments of error involve claimed inconsistencies between the trial court's order and the report of

-

the commissioner.  While the report of a commissioner in chancery does not carry the weight of a jury's verdict, it has a presumption of correctness and should be sustained unless the trial court concludes that there is error on the face of the report or that the commissioner's findings are not supported by credible evidence.  Code § 8.01-610; Morris v. United States Bank, 237 Va. 331, 337, 377 S.E.2d 611, 614 (1989).  "This rule applies with particular force to a commissioner's finding of fact based upon evidence taken in his presence, but is not applicable to pure conclusions of law contained in the report."  Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 297 (1984) (citations omitted).

Although a trial court has substantial discretion in the manner in which it reviews a commissioner's report, it cannot simply ignore the commissioner's findings and substitute its judgment for the commissioner's.  Gulfstream Bldg. Ass'n v. Britt, 239 Va. 178, 185, 387 S.E.2d 488, 492 (1990).  Thus, where the trial court disapproves of or modifies the findings of the commissioner, we "must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court."  Hill, 227 Va. at 577, 318 S.E.2d at 296-97.

Wife first contends, on appeal, that the trial court erred in ordering husband to pay wife, as her retroactive share of husband's military retired pay, an amount calculated using husband's "net" military retired pay (i.e., husband's gross

-

military retired pay less the total of SBP costs, disability pay (VA waiver), withheld federal and state income tax, and payments for insurance and bonds, rather than, as recommended by the commissioner, the "taxable income" portion of husband's military retired pay (i.e., husband's gross military retired pay less the total of SBP costs and VA waiver).  We agree.

During the commissioner's hearing, the parties agreed that wife's marital share of husband's military retired pay should be one-half of 89% (i.e., 44.5%) of husband's military retired pay. However, they disagreed about whether the SBP costs and VA waiver should be included in the marital portion of the retirement pay and whether wife's share should be retroactive.  Husband argued that wife's share should not be retroactive and should be limited to 44.5% of the "taxable income" amount of the military retired pay.  Wife argued that wife's share should be retroactive to March 1999 and should be 44.5% of husband's gross military retired pay.

After hearing the evidence and argument of counsel, the commissioner recommended that wife receive 44.5% of husband's gross military retired pay after the SBP costs and VA waiver are deducted, for a total of $1,545.46 per month, calculated as follows:  $3,771.00 (husband's gross retirement pay) - $110.06 (SBP costs) - $188.00 (VA waiver) = $3,472.94 ("taxable income" portion of husband's retirement pay); $3,472.94 x 44.5% (percentage of wife's marital share) = $1,545.46 (wife's monthly

-

retroactive share).  The commissioner further recommended that this award be made retroactive to February 2000.

Husband then timely filed exceptions to the commissioner's report.  Only the first exception is relevant to the issues on appeal.  In that first exception, husband requested that wife's retroactive share of his military retired pay be calculated using the "net" amount rather than the "taxable income" amount of his military retired pay because he had already paid taxes on the retroactive share.  After hearing argument on husband's exceptions to the commissioner's report and wife's objections to husband's proposed decree, the trial court granted husband's first exception and, overruling wife's objections, entered the equitable distribution order prepared by husband.

The order provides that wife's retroactive share of husband's military retired pay is 44.5% of the "net" amount of husband's military retired pay, for a six-month total of $7,524.22, or $1,254.04 per month.  That total reflects deductions from the marital portion of husband's retirement pay of not only the income taxes withheld but also husband's insurance and bond payments, as follows:  $3,771.00 (husband's gross retirement pay) - $110.06 (SBP costs) - $188.00 (VA waiver) - $312.79 (federal income taxes withheld) - $150.00 (state income taxes withheld) - $192.09 (payments for insurance and bonds) = $2,818.06 (husband's "net" retirement pay); $2,818.06 x 44.5% (percentage of wife's marital share) = $1,254.04 (wife's monthly retroactive share).

-

Husband concedes the commissioner never considered the issue of whether the withheld income tax and the payments for insurance and bonds should be excluded from the marital portion of husband's military retired pay because husband did not raise the issue before the commissioner. Additionally, in explaining in his exception to the commissioner's report why the "net" amount of husband's military retired pay should be used to calculate wife's marital share of that pay, husband stated solely that he had "already paid taxes on the retirement pay." He said nothing about the payments for insurance and bonds. Likewise, at the hearing on husband's exceptions to the commissioner's report, husband made no mention to the trial court of the payments for insurance and bonds. Instead, he simply presented to the court a proposed equitable distribution order that stated merely that wife's retroactive marital share of husband's military retired pay was $7,524.22, or 44.5% of the "net proceeds" from husband's retirement pay. The order provided no details as to what deductions were included to arrive at the "net proceeds."

The trial court ruled that wife's retroactive share of the retirement pay was to be calculated on the "net" amount of the retirement pay and entered the order prepared by husband. The court, however, heard no evidence and made no findings regarding its ruling. Indeed, it appears from the record that the trial court rejected the commissioner's recommendation and reduced wife's retroactive share of husband's military retired pay without

-

considering the parties' respective equities and rights in the taxes and payments for insurance and bonds deducted from husband's gross pay. For example, although the record indicates that counsel for husband argued at the hearing on wife's motion for reconsideration that the insurance partly benefited wife, we find no evidence in the record before us as to the nature of the subject insurance and bonds and whom they benefited. Certainly, the trial court made no findings in that regard.

We conclude, therefore, that the evidence fails to support the decision of the trial court to credit husband with the additional retroactive amounts of his withheld federal and state taxes and deducted payments for insurance and bonds. Conversely, our review of the record convinces us that the evidence supports the commissioner's recommendation that the "taxable income" portion of husband's military retired pay be used to calculate wife's retroactive share of that pay. Accordingly, we hold that the trial court abused its discretion by improperly substituting its judgment for the commissioner's.

Wife next contends the trial court erred in entering the equitable distribution order because the formula set forth in paragraph six on page six of the order to compute wife's prospective marital share of husband's military retired pay and, upon the death of husband, wife's share of the SBP benefits is incorrect and not in accord with the commissioner's recommendations. Husband argues there is no variance between the

-

commissioner's recommendations and the formula in the order. We agree with wife.

The equitable distribution order entered by the trial court provides as follows:

> It appearing to the Court that the Commissioner in Chancery took into consideration all proper evidence pertaining to the equitable distribution of the parties' marital properties and debts, and pursuant to all factors contained in Virginia Code Section 20-107.3, it is ADJUDGED and DECREED that the recommendations and findings set forth in the Report of the Commissioner in Chancery dated May 23, 2000, are incorporated into these specific findings described below.
>
> To facilitate the parties' use of this decree and as and for information to third parties who may be affected thereby, certain of the Court's awards may be hereinafter set out, but in no event shall this Decree be deemed to be inconsistent with the recommendations of the Commissioner in Chancery as set forth in his Report dated May 23, 2000, except insofar as this document has specific changes reflecting the Judge's granting of exceptions to the Commissioner's Report, such exceptions filed by [husband].

As previously noted, the only exception granted by the trial court pertaining to the issues before us involved the calculation of wife's retroactive share of husband's military retired pay.

Husband concedes that, in preparing the order, he attempted to accurately set forth the commissioner's recommendation in the form of a mathematical formula. He does not dispute the commissioner's recommendation or the meaning thereof. In fact, in his brief on appeal, husband, using the formula in the order,

-

reaches the same result recommended by the commissioner.  His understanding of standard mathematical procedures, however, like his formula, is flawed.

The trial court failed, along with husband, to grasp the significance of wife's argument on the issue and ruled simply at the hearing on wife's objections to husband's proposed order that the "language on page six, paragraph six, is proper."

The commissioner found that 89% of husband's military retired pay is marital property, of which wife is entitled to half.  Thus, wife's share of husband's retirement pay is 44.5%.  The commissioner further found that wife's prospective share of husband's military retired pay "is 44.5% of his gross retirement pay after the SBP cost and the disability pay are deducted." "Currently," the commissioner went on to say, "this yields $1,545.46 per month for her . . . ."  This result is calculated as follows:  $3,771.00 (husband's gross retirement pay) - $110.06 (SBP costs) - $188.00 (VA waiver) = $3,472.94; $3,472.94 x 44.5% (percentage of wife's marital share) = $1,545.46 (wife's monthly prospective share).  Conversely, the formula set forth in the order, calculated, as indicated, in a straight sequence, results in an amount of $16.39 less, as follows:  89% x $3,771.00 (husband's gross retirement pay) = $3,356.19; $3,356.19 - $110.06 (SBP costs) - $188.00 (VA waiver) = $3,058.13; $3,058.13 x 50% = $1,529.07.

-

Thus, the formula in the equitable distribution order is flawed because it fails to direct the person performing the calculation to first subtract the SBP costs and VA waiver from the gross retirement pay (or SBP benefits) before multiplying that amount by 44.5% (or, as set out in the formula in the order, multiplying that amount first by 89% and then by 50%). Brackets or some other appropriate marks before "monthly retirement pay" and after "amount VA waiver" would cure the formula's flaw.

We hold, therefore, that the formula in the equitable distribution order does not properly reflect wife's prospective marital share of husband's military retired pay and the SBP benefits. Accordingly, the trial court was plainly wrong in entering the order.[1]

Wife also contends that paragraph two on page two of the equitable distribution order, which provides for the transfer of the parties' North Carolina home to husband but makes him responsible only for the "tax consequences associated with such transfer," is not in accord with the commissioner's recommendation. We agree.

The commissioner found that the property's tax basis was low and that there was the prospect for a large income tax liability upon its sale. Husband, the commissioner found, wanted the home

---

[1] Having resolved this issue on other grounds, we need not address wife's additional argument that the subject formula in the equitable distribution order is contrary to federal law.

-

"and responsibility for . . . the difficult tax consequence."
Wife, on the other hand, the commissioner found, would neither be
able to avoid or handle the tax consequences in a timely fashion.
Husband had responsibility for the significant mortgage debt on
the property.  In light of such findings, the commissioner
recommended that the home be transferred to husband along with its
"difficult tax consequence."

We conclude that the commissioner recommended that husband
bear all tax consequences related to the North Carolina property.
The order of the trial court, read literally, however, only
assigns to husband those tax consequences associated with the
transfer of the property from wife to husband.  Hence, we hold
that the trial court's equitable distribution order is improperly
inconsistent with the commissioner's recommendation and that the
trial court erred in entering the order as drafted.

Lastly, wife contends the trial court committed reversible
error in refusing to add the words "and Reservation of Spousal
Support" to the existing title of its order--"Order of Equitable
Distribution"--and in refusing to change the word "spouse" to
"former spouse" in the order.  Such changes, wife argues, are
necessary to avoid delay in having the order processed and
approved by the United States Department of Defense Finance
Office.

Wife, however, conceded at the reconsideration hearing that
she did not know the consequences of submitting the order as

-

drafted, without her suggested changes, to the military finance office.  She simply did not want to "take the chance" that the order would be rejected.  She presented no evidence to the trial court to show that the changes were necessary and offers us no authority pursuant to which we may conclude that the trial court abused its discretion by not including the requested changes in the order.  Moreover, as husband points out, the trial court's order specifically reserves jurisdiction in the trial court for the purpose of modifying the order "in order to effect payment of any retirement benefits for either party."  Hence, we hold that the trial court did not err in ruling as it did.

Accordingly, the equitable distribution order appealed from is affirmed in part and reversed in part and remanded for entry of an order consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part</u>
<u>and remanded.</u>

-