COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Frank and Clements
Argued at Richmond, Virginia


CLARENCE BOYD

                                 MEMORANDUM OPINION* BY

v.    Record No. 1372-00-2    JUDGE JEAN HARRISON CLEMENTS
                                    SEPTEMBER 25, 2001

VERA BOYD


FROM THE CIRCUIT COURT OF MADISON COUNTY
Daniel R. Bouton, Judge

> Annie Lee Jacobs (Tracey C. Hopper; Parker,
> McElwain and Jacobs, P.C., on briefs), for
> appellant.
>
> Sarah Collins Honenberger (Shackelford,
> Thomas, Willis & Gregg, PLC, on brief), for
> appellee.


Clarence Boyd (husband) appeals the trial court's equitable distribution and spousal support awards to Vera Boyd (wife) in the final decree of divorce. Husband contends the trial court erred (1) in failing to consider the tax consequences of his having to sell some of the real estate to satisfy the court's equitable distribution award, (2) in ordering husband to pay the equitable distribution award to wife within sixty days of the date of entry of the final decree, (3) in overvaluing the Madison County farm, (4) in failing to credit husband for his payments reducing the marital debt and his nonmonetary contributions preserving the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

marital assets, and (5) in refusing to reconsider or rehear the issue of spousal support.[1]

Each party seeks an award of appellate attorney's fees and costs. Finding no error, we affirm the order of the trial court. Furthermore, we award wife reasonable appellate attorney's fees and costs and remand this matter to the trial court for determination of those fees and costs.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

On appeal, we view the evidence in the light most favorable to the prevailing party below and grant to that evidence all reasonable inferences fairly deducible therefrom. Wagner v. Wagner, 16 Va. App. 529, 532, 431 S.E.2d 77, 79 (1993). In challenging a decision on appeal, the party seeking reversal bears the burden of demonstrating error on the part of the trial court. D'Agnese v. D'Agnese, 22 Va. App. 147, 153, 468 S.E.2d 140, 143 (1996). "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be

---

[1] On brief, husband also argues that the trial court erred in granting wife two monetary awards. However, we do not address this issue because husband did not include it in his "questions presented," as required by Rule 5A:20(c).

set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).  "Furthermore, unless it appears from the record that the trial judge has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the equitable distribution award will not be reversed on appeal."  Blank v. Blank, 10 Va. App. 1, 9, 389 S.E.2d 723, 727 (1990).  "[T]he trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony."  Anderson v. Anderson, 29 Va. App. 673, 686, 514 S.E.2d 369, 376 (1999).

"The burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made, and the trial court in order to comply with Code § 20-107.3 must have that evidence before it before determining to grant or deny a monetary award."  Hodges v. Hodges, 2 Va. App. 508, 516, 347 S.E.2d 134, 139 (1986).  The trial court must consider all of the factors set forth in Code § 20-107.3(E); however, the trial court "need not quantify or elaborate exactly what weight was given to each of the factors."  Taylor v. Taylor, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988).

Here, the trial court awarded husband all of the Madison County real estate owned jointly by the parties[2] and ordered him to pay wife for her share thereof within sixty days of entry of the final decree.  Husband asserts the trial court knew he was in bankruptcy, had no liquid assets to pay the award, and had no borrowing ability.  Thus, husband argues, it was apparent that, in order to satisfy the award, he would have to sell some of the real estate, thereby incurring the tax consequences of such a sale.  Therefore, he concludes, the trial court erred in failing to consider the tax consequences of such a sale, as required by Code § 20-107.3(E)(9).  We disagree.

As indicated in his proposed decree, husband wanted to retain the jointly owned Madison County farm and one-acre tract on Route 635.  However, husband introduced no evidence at trial of any tax consequences of the division or transfer of the real estate he requested or of any future sale of some or all of the real estate. The trial court expressly found that there was "no evidence of the tax consequences which will flow to either party from the proposed division."  We hold, therefore, that the trial court properly weighed and considered all of the evidence of tax consequences before it, and did not err in not specifically taking into account

---

[2] The Madison County real estate consisted of a farm, two lots on Route 614, one tract on Route 635, and a one-tenth undivided interest in eighty acres.

the tax consequences of husband's potential future real estate sale, about which no evidence was presented.

For the same reasons, husband also contends the trial court abused its discretion in ordering him to pay the equitable distribution award to wife within sixty days of the date of entry of the final decree or, failing to do that, pay nine percent interest on the award from the date of entry of the final decree. The award, he argues, should have been ordered to be paid in installments.

The trial court noted that classification, valuation, and division of the property was made more difficult by husband's pending bankruptcy proceedings. The trial court also found that the real estate was relatively nonliquid. However, the record reveals that husband was able to sell other parcels of land and refinance his mortgages during the pendency of his bankruptcy proceedings. After sales and refinancing, the farm had over $322,673 in equity. Furthermore, the trial court's decision was rendered in a letter opinion issued December 14, 1999, and payment of the award was not required until sixty days after the date of the entry of the decree, which occurred on May 14, 2000.[3] Upon consideration of this evidence and all reasonable inferences

---

[3] We further note that the decree appealed from recites the U.S. Bankruptcy Court's approval of the award and division of marital property on March 21, 2000 and the agreement of counsel to certain transfers to satisfy the award.

- 5 -

fairly deducible therefrom, we hold that the trial court's decision was not plainly wrong or without evidence to support it.

Husband further contends the trial court abused its discretion in accepting wife's opinion of the value of the farm property.  He argues that wife's testimony should not have been accepted because her credibility was significantly and repeatedly impeached and because wife's lay opinion was without support or explanation.  Thus, he concludes, it was error not to accept the county tax assessment value, which he identifies in his appellate brief as being $434,100.

The trial judge noted, in making his ruling, that wife contended the farm property was worth $444,901 and husband contended its value was $434,100.  Although these figures were used by the parties in their respective proposed decrees, there is no evidence before us that shows or explains how these values were arrived at or determined by the parties.  Husband argues in his brief that the trial court should have used his proposed figure because it was the county tax assessment value and, thus, more reliable than wife's proposed figure.  However, we find nothing in the record that supports his claim.  Husband produced no documentation or other evidence to establish that his figure was the county tax assessment value, much less that it was more reliable than wife's figure.

Our review of an appeal is restricted to the record. Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 401 (1986). "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). Furthermore, we do not presume on appeal that the trial court has erred. Indeed,

> "[w]e have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

Id. (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1991)). Here, upon review of the record, we conclude that husband has failed to provide us with an adequate record to enable us to address the factual issue he raises and determine whether the trial court erred. Therefore, we affirm the judgment of the trial court.

Husband next contends that the trial court erred by not giving him credit in the equitable distribution award for his having reduced the marital debt during the separation by $220,766 and for his nonmonetary contributions that preserved the marital assets. We disagree.

Husband and wife agreed that their marital debt at the time of trial was $111,228, the amount owed on the farm mortgage. In considering the factors of Code § 20-107.3(E), the trial court adopted husband's proposed findings of fact setting forth his positive monetary and nonmonetary contributions to the marriage and the marital estate. The trial court also noted in making its equitable distribution award, as follows:

> Husband claims that he has paid on the secured debt since he and wife separated; that he applied his share of a marital asset (a promissory note payment) which was paid to the parties equally; and that he expended substantial personal effort in having the bankruptcy plan approved to save the farm from foreclosure. He contends the equity in the farm is his separate property.

Although it did not recite specific reasons for its conclusion, we can conclude from the record that the trial court properly weighed and considered husband's evidence and all of the requisite statutory factors in making its equitable distribution award. We hold that the award is not plainly wrong or without evidence to support it.

Finally, husband contends the trial court erred in denying his motion to reconsider and rehear the issue of spousal support. We find, however, that this claim is not properly before us. For one thing, husband's motion prayed for reconsideration only. Because a motion to rehear was not before the trial court, we will not consider an argument regarding such a motion here. See Ohree

- 8 -

v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (holding that Rule 5A:18 prohibits us from considering an argument on appeal which was not presented to the trial court).

Likewise, none of the specific arguments husband makes to us on appeal as to why the trial court erred in denying his motion to reconsider was set forth in his motion to the trial court. Nor was a record of husband's argument to the trial court presented to us. Furthermore, the order does not set forth the argument made to the trial court or the reason for the trial court's ruling. Thus, we may not consider husband's arguments.[4] See id.; Smith, 16 Va. App. at 635, 432 S.E.2d at 6.

Because husband brought this appeal without merit, we deny his request for an award of attorney's fees and costs and find that wife should be compensated for the reasonable expenses incurred in defending this unjustified appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). We therefore, remand this case to the trial court solely for a determination of those fees and costs.

---

[4] On brief, husband also argues that the trial court's award of spousal support to wife was excessive because wife does not need support. However, we do not address this issue because it was not included in husband's "questions presented." See Rule 5A:20(c).

For the foregoing reasons, we affirm the order of the trial court and remand for further proceedings consistent with this opinion.

<u>Affirmed and remanded.</u>