## Richmond

HARVEY ALVIN MITCHELL

v.

JULIA CARROLL HOLT MITCHELL

No. 0169-86-2

Decided April 7, 1987

COUNSEL

Herbert C. Gill, Jr. (Rudy, Gill, Keown, Dicks, Evans & Mikula, on brief), for appellant.

Frank A. Porter (Bernard A. Gill, on brief), for appellee.

OPINION

**COLE, J.** — Harvey Alvin Mitchell (husband) appeals from a final divorce decree entered on January 13, 1986, granting Julia Carroll Holt Mitchell (wife) a divorce from the bond of matrimony on the ground of desertion. He raises three issues: (1) whether the trial court used the proper date for valuation of the parties' marital property; (2) whether the changes made in Code § 20-107.3(A)(2) in 1984 and in Code § 20-107.3(G) in 1985 are applicable to this cause; and (3) whether the trial court's final decree is in accord with the provisions of Code § 20-107.3(G).

The husband filed a bill of complaint in the Circuit Court of Chesterfield County on November 16, 1983, asking that he be granted a final divorce on the ground that the parties had lived separate and apart without any cohabitation and without interruption for one year. The wife filed an answer and cross-bill, praying that she be granted a final divorce on the ground of desertion; that the court ascertain the extent and value of the marital property and make an equitable distribution in accordance with the statute; that she be awarded a lump sum property settlement and periodic spousal support; and that she be awarded counsel fees and court costs.

The parties entered into a property settlement agreement dated October 14, 1985, which settled many difficulties between the parties, but specifically left open the trial court's determination of a monetary award based on the value of the marital residence

owned by the parties as tenants by the entireties, a profit-sharing plan, a retirement plan, and a church annuity.

Prior to entry of the final decree, the parties entered into a written stipulation which was approved and received by the trial court on January 13, 1986. The stipulation set forth the present value of each asset as follows:

(1) Real Property:
The value of the marital residence for purposes of equitable distribution is $44,179.

(2) Personal Property:

|  | Time of Filing Bill of Complaint 11/17/83 | Evidentiary Hearing of 10/15/85 |
| --- | --- | --- |
| Profit Sharing Plan | $30,443.54 | $35,148.84 |
| Stock Plan | 242.33 | 467.37 |
| Retirement Plan | 15,809.11 | 19,970.49 |
| Annuity | 4,154.35 | 9,555.98 |
| TOTALS: | $50,649.33 | $65,142.68 |

The parties could not agree upon the appropriate valuation date and accordingly submitted the present values determined as of the date of the filing of the bill of complaint and as of the date of the final evidentiary hearing.

I.

The husband contends that in making a monetary award pursuant to Code § 20-107.3, the trial court must use the values of marital property as of the filing date of the bill of complaint. The wife takes the position that the trial court was correct in selecting the values as of the date of the evidentiary hearing held shortly before entry of the final decree.

Two dates are significant in the procedure for determining a monetary award under Code § 20-107.3: (1) the date used to identify marital and separate property; and (2) the date used to value the property. Only the first of these has been defined by the legislature.

As originally written, the only reference in the statute to time is in Code § 20-107.3(A)(2) which states that "[a]ll property acquired by either spouse during the marriage is presumed to be marital property in the absence of satisfactory evidence that it is separate property." This language does not specify a date for valuation of the assets. It only establishes a cutoff date for classifying the assets as either marital or separate.

Effective July 1, 1984, subsection (A)(2) was amended to provide that "[a]ll property acquired by either spouse during the marriage, *before the filing of a bill of complaint stating a ground of divorce*, is presumed to be marital property in the absence of satisfactory evidence that it is separate property." (emphasis added). Effective July 1, 1986, the second sentence of subsection (A)(2) was again changed to provide that "[a]ll property . . . acquired by either spouse during the marriage, and *before the last separation of the parties, if at such time or thereafter at least one of the parties intends that the separation be permanent*, is presumed to be marital property in the absence of satisfactory evidence that it is separate property." Each of these amendments refers to the time of the classification of assets as marital or separate, and does not deal with the time at which assets are to be valued.

Our equitable distribution statute requires the trial court, upon motion of either party, to determine the legal title as between the parties, and the ownership and value of all real and personal property of the parties. In an earlier decision of the Court, we considered whether the language "upon decreeing a divorce from the bonds of matrimony" required the trial court to make an equitable distribution award at the time of the decree of divorce or within twenty-one days thereafter. In *Parra v. Parra*, 1 Va. App. 118, 336 S.E.2d 157 (1985), we held that the word "upon" as used in the Code section did not mean "at the time of," but rather meant "in consequence of or following." *Parra*, 1 Va. App. at 126, 336 S.E.2d at 161. We adhere to that ruling and hold that this language, as applied to the question of fixing the valuation date for marital assets, does not require the trial court to fix the value of the assets "at the time of" the divorce decree.

There are a number of valuation dates available for consideration: date of separation of the parties; date of filing of the bill of complaint; date of trial; and date of the final decree of divorce.

Each has its advantages and disadvantages. *See* L. Golden, *Equitable Distribution of Property* §§ 7.01-7.04 (1983), *see also* Annot., 34 A.L.R. 4th 63 (1984).

■ Since Code § 20-107.3 does not fix a date for determining the value of all real and personal property of the parties, the trial court must select a valuation date if the parties cannot agree to one. Generally this should be one that will provide the Court with the most current and accurate information available which avoids inequitable results. The function of the Court is to arrive at a fair and equitable monetary award based upon the equities and the rights and interests of each party in the marital property. In order to accomplish this purpose, the Court must value the assets in a manner that is fair and equitable to both parties.

■ The value of the assets determined as near as practicable to the date of trial will usually be the most current and accurate value available. Using the date of separation may often result in less current values because of the considerable delay between the separation and the determination of a monetary award.

There may be occasions where a trial court should select a date after separation but prior to the date of trial upon which to value all or part of the assets involved. If one spouse dissipates assets or deliberately allows their value to decline following separation, or if the value of marital property increases due to the efforts of one of them, values determined upon the date of trial may result in a monetary award which is not "fair and equitable" as required by Code § 20-107.3.

■ Consequently, we conclude that for the purposes of making a monetary award a trial court should determine the value of the parties' assets as of a date as near as practicable to the date of trial; except that, the trial court in its decree may value all or any part of the assets as of a date after the separation of the parties if necessary to arrive at an award more consistent with the factors enumerated in Code § 20-107.3. Using this standard, we find no error in the trial court's decision to select the date of the evidentiary hearing for the valuation of the parties' assets.

## II.

The trial court determined that the family residence, the profit-sharing plan, the stock plan, and the church annuity constituted marital property. Based upon the equities and rights of the parties in the marital property, the wife was awarded a lump sum monetary award in the amount of $22,089, payable to her within 30 days of the order. On appeal, the husband claims that the award is not in accord with Code § 20-107.3(G) since it is based, at least in part, upon the present value of the pension and retirement benefits, but is payable to the wife before he actually begins to receive such benefits.

The wife contends that the trial court had two methods of determining a monetary award based upon the pension and retirement benefits. The first would allow the trial court to make a monetary award based on the present value of the pension and retirement benefits. The second method would permit the trial court to direct the payment of a percentage of the pension or retirement benefits, payable in a lump sum or in installments, but only when the benefits are actually received. She argues that since the statute indicates no preference for either of the two alternatives, the court may exercise discretion in selecting the method of payment. We disagree with the wife's interpretation of the statute.

■■ Code § 20-107.3(E) enumerates eleven factors to be considered by the court in determining the amount of the monetary award and the method of payment. One factor that must be considered is "[t]he present value of pension or retirement benefits, whether vested or nonvested." Code § 20-107.3(E)(8).

At the time of these proceedings,[1] Code § 20-107.3(G) provided as follows:

---

[1] Effective July 1, 1985, Code § 20-107.3(G) was amended to provide that the "court may direct payment of a percentage of pension, profit-sharing or retirement benefits, whether vested or nonvested, payable in a lump sum or over a period of time and only as such benefits are payable." The bill of complaint was filed in the trial court on November 16, 1983. "[W]hen a statute is amended while an action is pending, the rights of the parties are to be decided [under] the law in effect when the action was begun, unless the amended statute shows a clear intention to vary such rights." *Washington v. Commonwealth*, 216 Va. 185, 193, 217 S.E.2d 815, 823 (1975). The issue of retroactivity of the statute was not raised by either party in this case.

No part of any monetary award based upon the value of pension or retirement benefits, whether vested or nonvested, shall become effective until the party against whom such award is made actually begins to receive such benefits. No such award shall exceed fifty percent of the cash benefits actually received by the party against whom such award is made.

In the final decree of divorce entered on January 13, 1986, the court considered all of the eleven factors set forth in Code § 20-107.3(E) and made its findings of fact as to each item of marital property. The court found that the equity in the jointly owned residence was $44,179, and that the wife and husband were each entitled to fifty percent of it. Since neither party requested partition, there was nothing further for the court to do in regard to the property. The legal interest that each owner has in jointly owned property is not affected by Code § 20-107.3. Both parties to a marriage are deemed to have certain rights and interests in marital property but such rights and interests are only to be used as a consideration in determining a monetary award.

The partitioned property or its proceeds must be divided in a manner that will insure that each owner receives the amount of money or property to which his interest in the property entitles him. However, the value of this property still remains a consideration in determining the amount of a monetary award.

*Morris v. Morris*, 3 Va. App. 303, 310, 349 S.E.2d 661, 665 (1986) (citations omitted). Therefore, the parties' interests in the marital residence remains a factor to be considered in determining the amount of a monetary award.

Pensions, including military pensions, are personal property and are subject to consideration as marital property under Code § 20-107.3. *Sawyer v. Sawyer*, 1 Va. App. 75, 78, 335 S.E.2d 277, 280 (1985). The amount of the award and method of payment are to be determined after consideration of the factors listed in the statute, among which is the present value of pension or retirement benefits. Code § 20-107.3(E)(8); *McLaughlin v. McLaughlin*, 2 Va. App. 463, 471, 346 S.E.2d 535, 539 (1986). But a monetary award based upon the value of the pension could not become effective until the party against whom such award is

made actually begins to receive such benefits, and no such award may exceed fifty percent of the cash benefits actually received by the party against whom such award is made. Code § 20-107.3(G).

We hold that the legislature did not intend to give the court two alternative methods of distributing pension and retirement benefits. Code § 20-107.3(E)(8) merely lists the present value of pension or retirement benefits, vested or nonvested, as one factor among many to be considered in arriving at a monetary award.

█ In the event that any part of the monetary award is based upon pension or retirement benefits, Code § 20-107.3(G) provides a limitation upon the method of payment. It places two restrictions upon payment: (1) no part of the award shall become effective until the party against whom such award is made actually begins to receive such benefits; and (2) no such award shall exceed fifty percent of the cash benefits actually received by the party against whom such award is made. The practical effect of subsection (G) is that the trial judge must specify separately any part of the monetary award that is based upon pension or retirement benefits and make special provisions for the payment of it in order to conform with the payment restrictions.

We find that appellee's argument that the trial court could include as a part of the monetary award the present value of pension or retirement benefits without applying the restrictions on payment in subsection (G) to be in error and we reverse the judgment of the trial court since it ordered payment within thirty days of the order rather than when the appellant actually began to receive such benefits.

In determining spousal support issues, Code § 20-107.1 directs the court to consider various factors, including the provisions made with regard to the marital property under Code § 20-107.3. Since the provisions with regard to marital property may be changed on remand, the trial court must necessarily reexamine spousal support in the light of the new marital property award. Accordingly, the provisions regarding spousal support are vacated and remanded.

For the reasons stated, this case is remanded for further proceedings in accordance herewith.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Barrow, J., and Benton, J., concurred.