COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

RONALD W. TSCHIPPERT

v.      Record No. 2096-94-4        MEMORANDUM OPINION[*] BY
                                    JUDGE JOHANNA L. FITZPATRICK
ELIZABETH M. TSCHIPPERT                   JUNE 13, 1995


            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                     Thomas D. Horne, Judge

     Ronald W. Tschippert, pro se.

     Carl P. Horton for appellee.


     In this domestic appeal, Ronald W. Tschippert (husband)
argues that the trial court erred in:  (1) failing to give
husband credit for funds withdrawn by Elizabeth M. Tschippert
(wife) from a joint checking account; (2) classifying 1000 shares
of Tandem Computers stock and a 1985 Oldsmobile as entirely
marital property; (3) using earlier valuation dates than the date
of hearing in determining the value of three assets; (4) failing
to award husband attorney's fees for discovery abuses committed
by wife; and (5) awarding a $25,000 monetary award to wife.  We
reverse the trial court on:  (1) its treatment of the funds from
the joint checking account, and (2) its valuation of wife's
401(k) investment account.  We remand for the trial court to
consider husband's tracing evidence as to the checking account
funds and to reconsider the 401(k) account's value and the
equitable distribution award.  We affirm on all other issues.

_____
     [*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

**BACKGROUND**

The parties were married on July 24, 1982 and separated on August 1, 1991. Wife filed for divorce on August 21, 1992 based on separation for more than one year pursuant to Code § 20-91(9)(a). The trial court held two hearings, conducted several conference calls, and examined numerous documents in determining the equitable distribution of the parties' property. In a June 22, 1994 letter opinion, the trial judge awarded wife a divorce, listed the distribution and classification of the parties' property, and denied both parties' requests for attorney's fees. The final decree of divorce was entered on September 26, 1994 and incorporated the letter opinion and its findings.

**CREDIT FOR JOINT CHECKING ACCOUNT FUNDS**

Husband argues that the trial court erred in failing to give him credit for $11,472.87 withdrawn from a joint checking account by wife after the date of separation and that, even if the trial court properly found the funds to be marital, the court erred in failing to find that wife committed waste.

After the parties separated, husband continued to deposit his paychecks into the parties' Chevy Chase joint checking account. On September 30, 1993, more than two years after the date of separation, wife withdrew $11,472.87 from the account. At the equitable distribution hearing, husband argued that the trial court was required to trace the funds back to his paycheck

deposits and that the funds deposited were his separate property.

> [T]he Court declared that the $11,472.87 was not husband's separate funds. Counsel for husband objected on the grounds that tracing evidence was accepted by the Court for all other funds which were moved through that account. The Court overruled the objection citing Va. Code § 6.1-125.3 as controlling. . . . The Court thus concluded that inasmuch as wife was entitled to half of the funds in the subject account, the funds that she withdrew were not includable in the distribution of assets.[1]

Wife did not explain her use of the funds at the hearing.

Code § 6.1-125.3 provides, in pertinent part, that "a joint account between persons married to each other shall belong to them equally, . . . unless . . . there is clear and convincing evidence of a different intent." This Code section is "relevant only to controversies between [the parties] and their creditors and other successors." Code § 6.1-125.2. We hold that the trial court erred in using Code § 6.1-125.3, a banking statute relevant to controversies between the account holders and their creditors, to determine the status of the funds in the account for equitable distribution purposes.

Code § 20-107.3(A)(3)(d), which allows for retracing of separate contributions to marital property, is the applicable Code section:

> d. When marital property and separate property are commingled by contributing one category of property to another, resulting in the loss of identity of the contributed property, the classification of the

---

[1]The record in this case was an agreed statement of facts.

3

> contributed property shall be transmuted to the category of property receiving the contribution. However, <u>to the extent the contributed property is retraceable by a preponderance of the evidence and was not a gift, such contributed property shall retain its original classification.</u>

(Emphasis added).  This Court held in <u>Dietz v. Dietz</u>, 17 Va. App. 203, 436 S.E.2d 463 (1993), that a husband's post-separation wages are his separate property unless proved to be marital.  <u>Id.</u> at 211-12, 436 S.E.2d at 468-69 (involving a husband's post-separation wages deposited into the husband's separate checking account and used to buy personal property).

Thus, under <u>Dietz</u> and Code § 20-107.3(A)(3)(d), the funds deposited by husband became marital property.  Because the trial judge relied on Code § 6.1-125.3, he did not adequately consider husband's tracing evidence concerning the funds in the joint checking account.

### CLASSIFICATION OF PROPERTY

Husband next argues that the trial court erred in classifying 1000 shares of Tandem Computers stock and his 1985 Oldsmobile as entirely marital property.

Husband bought the 1000 shares of Tandem stock on July 26, 1993, almost two years after the date of separation.  In purchasing the stock, he used $9,950.04 from a joint checking account into which his post-separation wages had been deposited.  Husband argues that the trial court should have accepted his tracing documentation and found that the stock was his separate

4

property.

The 1985 Oldsmobile was purchased during the marriage, but husband argues that it was part marital and part separate property because he used a combination of marital funds and his separate property in the form of a cash down payment and trade-in allowance to buy the car. Thus, the trial court should have traced his separate contributions pursuant to Code § 20-107.3(A)(3)(d).

"In reviewing an equitable distribution award on appeal, we recognize that the trial court's job is a difficult one. Accordingly, we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987). As stated above, Code § 20-107.3(A)(3)(d) provides that separate property contributed to marital property shall retain its separate character only "to the extent the contributed property is retraceable by a preponderance of the evidence." In this case, the trial judge gave ample consideration to husband's tracing documentation concerning both the Tandem stock and the Oldsmobile and did not find it persuasive. Thus, the trial court did not abuse its discretion in classifying the stock and automobile as marital.

## VALUATION OF PROPERTY

Husband also argues that the trial court erred in failing to use the date of hearing as the valuation date for three pieces of

property.

The items of property at issue are:  (1) wife's 401(k) Merrill Lynch investment plan, which the court valued at $45,784 as of June 30, 1991; (2) wife's Monumental Life insurance policy, which the court valued at $17,394 as of May 20, 1993; and (3) wife's Scudder Trust IRA, which the court valued at $13,686 as of June 30, 1993.

> Code § 20-107.3(A) provides as follows:
> The court shall determine the value of any such property as of the date of the evidentiary hearing on the evaluation issue. Upon motion of either party made no less than twenty-one days before the evidentiary hearing the court may, for good cause shown, in order to attain the ends of justice, order that a different valuation date be used.

"The trial judge in evaluating marital property should select a valuation 'that will provide the court with the most current and accurate information available which avoids inequitable results.'"  Gaynor v. Hird, 11 Va. App. 588, 593, 400 S.E.2d 788, 790-91 (1991) (quoting Mitchell v. Mitchell, 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987)).  "The burden [is] on the parties to provide the trial court with sufficient evidence as to the most appropriate valuation date . . . ."  Gottlieb v. Gottlieb, 19 Va. App. 77, 87, 448 S.E.2d 666, 672 (1994).

In this case, the trial court used the only valuations presented by husband and wife in evaluating the Monumental Life policy and the Scudder Trust IRA.  The trial judge gave the parties the opportunity to revise their property distribution

6

schedules after the initial equitable distribution hearing, and the parties did not present any more current evidence regarding the value of these two items. Thus, the judge did not abuse his discretion in using the values presented and in declining to accept husband's extrapolations of later values.

However, husband offered two more recent values of wife's 401(k) investment account--$47,717.89 on September 30, 1991 and $70,685.49 on September 30, 1993. By failing to use the most current information available, the trial judge erred in his valuation of the 401(k) account.

## ATTORNEY'S FEES

Lastly, husband argues that the trial court abused its discretion in failing to award him attorney's fees.

Husband argues that he is entitled to $5,397.50 for attorney's fees attributable to wife's lack of response to discovery requests. It is well settled that "[a]n award of attorney fees is discretionary with the court after considering the circumstances and equities of the entire case and is reviewable only for an abuse of discretion." Gamer v. Gamer, 16 Va. App. 335, 346, 429 S.E.2d 618, 626 (1993). The record in this case shows no abuse of discretion. The judge made no finding that wife had abused the discovery process and never sanctioned wife for any abuse.

The decision of the trial court is affirmed as to all issues except the classification of the funds from the joint checking

7

account and the valuation of wife's 401(k) account.  Accordingly, we remand for reconsideration of husband's tracing evidence concerning the funds in the checking account and for revaluation of the 401(k) account.  On remand, the trial judge should also reconsider the monetary award in light of his decisions regarding the checking account funds and the 401(k) account.

                                        <u>Affirmed in part,
                                        reversed in part,
                                        and remanded</u>.