COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements
Argued at Alexandria, Virginia


KEVIN B. CARR
                                  MEMORANDUM OPINION* BY
v.   Record No. 1848-01-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       MAY 7, 2002
MARY ELLEN CARR


             FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                   James W. Haley, Jr., Judge

        Timothy W. Barbrow for appellant.

        Betty Moore Sandler (Nichols, Bergere,
        Zauzig & Sandler, P.C., on brief), for
        appellee.


     Kevin B. Carr (husband) appeals a June 22, 2001 final

decree of divorce granting Mary Ellen Carr (wife) a divorce a

vinculo matrimonii on the ground that the parties had lived

separate and apart for more than one year.  He contends that the

trial court erred in (1) using a valuation date that did not

provide an accurate value for husband's business, (2) failing to

remand the issue of valuation of his business to the

commissioner in chancery (commissioner), (3) failing to impute

income to wife in determining the amount of the spousal support

award, (4) failing to limit the duration of spousal support

awarded to wife, (5) setting an amount of monthly installments

─────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

due on the monetary award at $3,000 per month, and (6) awarding wife attorney's fees and costs. Finding no error, we affirm.

## I. PROCEDURAL HISTORY

Husband and wife were married on June 3, 1978. Husband left the marital residence in June of 1998. Wife filed a bill of complaint for divorce on April 22, 1999, seeking a divorce a vinculo matrimonii on the ground that the parties had lived separate and apart for one year. The matter was referred to a commissioner by a September 26, 2000 decree. On January 25, 2001, the commissioner heard evidence and filed his report on March 23, 2001. In it, he made specific findings on the valuation of husband's business, the amount of spousal support to be paid to wife, and an award of attorney's fees and costs to wife. The trial court entered the final decree of divorce on June 22, 2001, adopting the findings and conclusions of the commissioner on these issues.

## II. STANDARD OF REVIEW

"On review, we consider the evidence in the light most favorable to the party prevailing in the trial court." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 31 (1989).

"On appellate review, a divorce decree is presumed correct and will not be overturned if supported by substantial, competent, and credible evidence." Gottlieb v. Gottlieb, 19 Va. App. 77, 83, 448 S.E.2d 666, 670 (1994).

"A commissioner's findings of fact which have been accepted by the trial court are presumed to be correct when reviewed on appeal and are to be given great weight by this Court. The findings will not be reversed on appeal unless plainly wrong." Barker v. Barker, 27 Va. App. 519, 531, 500 S.E.2d 240, 245-46 (1998) (internal citations omitted). "Because of the presumption of correctness, the trial judge ordinarily must sustain the commissioner's report unless the trial judge concludes that it is not supported by the evidence." Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citing Morris v. United Virginia Bank, 237 Va. 331, 337-38, 377 S.E.2d 611, 614-15 (1989)).

### III. ALTERNATE VALUATION DATE

Husband first argues that it was error for the commissioner to use 1998 as the valuation date for K & K Finishing Systems, Inc., a marital asset, rather than January 25, 2001, the date of the commissioner's hearing. Under the facts of this case, we disagree.

Code § 20-107.3(A) provides, in pertinent part:

> The court shall determine the value of any such property as of the date of the evidentiary hearing on the evaluation issue. Upon motion of either party made no less than twenty-one days before the evidentiary hearing the court may, for good cause shown, in order to attain the ends of justice, order that a different valuation date be used.

- 3 -

"We have stressed that the trial judge in evaluating marital property should select a valuation [date] 'that will provide the Court with the most current and accurate information available which avoids inequitable results.'" Gaynor v. Hird, 11 Va. App. 588, 593, 400 S.E.2d 788, 790 (1991) (quoting Mitchell v. Mitchell, 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987)).

On December 18, 2000, wife filed a timely motion to use 1998 as an alternate valuation date. After hearing the evidence presented, the commissioner determined that husband had not provided information about the value of the business post-1998 in a timely and usable manner. He found that "it does appear appropriate, that the business should be valued as of the date of the last information [1998] provided by Mr. Carr to Mrs. Carr for use by her expert, Mr. Stephens." Credible evidence supports this finding.

Husband presented evidence that the value of K & K Finishing Systems, Inc., based on his bookkeeper's computation of total stockholder equity, was $134,918 at the end of 1998 and approximately $96,000 at the end of 1999. Wife relied on the testimony of William Stephens (Stephens), an expert in the area of business valuations, who evaluated the business as a single owner business, with no plans for immediate sale. He used both the asset and income methods to arrive at a valuation with the most recent information provided being the 1996-1998 financial

- 4 -

statements. He then placed a value on the business as of December 31, 1998, the most recent date for which he had complete information.[1]

The commissioner was not plainly wrong in finding that Stephens "was working with the information that was available to him at the time" or that it was "appropriate, however, that the business should be valued as of the date of the last information provided by Mr. Carr to Mrs. Carr for use by her expert, Mr. Stephens."

## IV. FAILURE TO REMAND ON VALUATION

Husband next argues the trial judge never ruled on the alternate valuation date and that even if wife's expert did not have sufficient time to include the 1999 information in his valuation, the trial court should have remanded this issue to the commissioner for further consideration. These contentions are without merit.

"[A] trial court will usually have discretion to determine the date on which an asset will be valued." Rowe v. Rowe, 33 Va. App. 250, 265, 532 S.E.2d 908, 916 (2000) (citing Mitchell v. Mitchell, 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987)).

The commissioner, considering the evidence presented, determined that 1998 was the appropriate date to use. Husband

---

[1] We note that husband argues that he provided additional information early in December 2000. However, the record does not reflect that this was complete nor sufficient for wife's expert to adequately value the business at a later date.

filed exceptions to this finding, and the trial court overruled these by accepting the commissioner's findings.

> [T]his court adopts and incorporates herein by reference the [c]ommissioner's conclusions and findings of fact that [husband's] company, K & K Finishing Systems, Inc., has a value of One Hundred Ninety-Nine Thousand Six Hundred and Nineteen Dollars ($199,619.00) which should be divided between the parties with [husband] receiving seventy-five percent (75%) and [wife] receiving twenty-five percent (25%).

Thus, the motion for an alternate valuation date was ruled on by the trial court and as noted above, no abuse of discretion has been shown in the choice of date.

Additionally, the trial court was not required to remand this issue for consideration of husband's later provided financial information when he had the opportunity to present this evidence at the time of the original hearing. See Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989) (the burden is on the party to provide the trial court with sufficient evidence to value the property); Clements v. Clements, 10 Va. App. 580, 586, 397 S.E.2d 257, 260 (1990) ("reviewing courts cannot continue to reverse and remand . . . cases where the parties have adequate opportunity to introduce evidence but have failed to do so").

Thus, the trial court did not abuse its discretion in affirming the commissioner's finding that 1998 was the

appropriate valuation date nor was it required to remand the case for additional evidence.

## V.  IMPUTED INCOME

Husband next contends that the trial court erred in failing to impute income to wife because she was voluntarily working part-time and should have sought full-time employment.  The record provides ample evidence to support the trial court's refusal to impute income.

"The decision to impute income is within the sound discretion of the trial court and its refusal to impute income will not be reversed unless plainly wrong or unsupported by the evidence."  Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999) (citing Saleem v. Saleem, 26 Va. App. 384, 393, 494 S.E.2d 883, 887 (1998)).

"When asked to impute income to a [party], the trial court must consider the [party's] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and children."  Niemiec v. Department of Social Services, 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998) (citing Brooks v. Rogers, 18 Va. App. 585, 592, 445 S.E.2d 725, 729 (1994)).  "The burden is on the party seeking the imputation to prove that the other parent was voluntarily foregoing more gainful employment, either by producing evidence of a higher-paying former job or by showing that more lucrative

- 7 -

work was currently available." Id. (internal citations omitted). "The evidence must be sufficient to "'enable the trial judge reasonably to project what amount could be anticipated.'" Id. (quoting Hur v. Virginia Dept. of Social Services Div. Of Child Support Enforcement ex rel. Klopp, 13 Va. App. 54, 61, 409 S.E.2d 454, 459 (1991)). Husband failed to meet this burden.

Wife, a nurse, had not worked outside the home for fifteen years prior to the parties' separation. At the time of trial, she worked twenty-five hours a week in a doctor's office and earned approximately $1,936 per month. Wife showed a monthly deficit of $1,274. Husband earned approximately $1,100 per week.[2] It was undisputed that the parties' youngest child was having significant behavioral and emotional issues caused by the divorce. The commissioner stated that "given the circumstances of the two younger children, particularly the parties' son, it is appropriate that Mrs. Carr not be required at this time to work full time." Credible evidence supports this finding.

Additionally, husband failed to present evidence that there were full-time jobs available to wife. Husband's statement on brief that "wife holds a degree in a profession where there is a great demand" does not satisfy his burden of giving the trial

---

[2] Because of the nature of husband's business and the manner information was provided, the commissioner found in referencing husband's income that "getting a firm figure on anything above that is difficult."

- 8 -

court sufficient evidence to allow the trial judge to reasonably project the amount of anticipated income. Thus, the trial court was not plainly wrong in refusing to impute income to wife.

## VI. DURATION OF SPOUSAL SUPPORT

Husband also contends that the trial court abused its discretion by failing to limit to four years his spousal support obligation. He argues that the need for wife to work part-time will cease when their youngest child reaches eighteen and, thus, her need for spousal support will terminate at that time. We find no abuse of discretion in failing to limit the duration of wife's support.

Code § 20-107.1(C) provides that "[t]he court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof."

"In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties. He is guided by the . . . factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for clear abuse of discretion." Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

"'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there

- 9 -

has been a clear abuse of discretion.  We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'"  Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)).

"'[S]pousal support awards must be determined in light of contemporary circumstances and . . . redetermined [if necessary] in light of new circumstances.'"  Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (quoting Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979)).  "The court, in setting support awards, must look to current circumstances and what the circumstances will be within the immediate or reasonably foreseeable future, not to what may happen in the future." Srinivasan v. Srinivasan, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990) (citing Young v. Young, 3 Va. App. 80, 81-82, 348 S.E.2d 46, 47 (1986)).

The trial court adopted the commissioner's findings that wife showed a current support need of $875 per month.  He further found that "given the circumstances of the two younger children, particularly the parties' son, it is appropriate that Mrs. Carr not be required at this time to work full time."  The commissioner stated that wife "should be able to increase to full time employment when the situation with the parties' younger children, primarily their son, Adam, becomes more stable."

While husband argues that a change in wife's circumstances is reasonably foreseeable because of the ages of the children, wife's exact need for support four years hence cannot be reasonably calculated at present. If supported by the evidence at the time the children reach their majority, husband may petition for termination of his support obligation at that time. See Code § 20-109.

As we recently stated in Joynes v. Payne, 36 Va. App. 401, 551 S.E.2d 10 (2001), "[Code § 20-107.1] does not require the trial court to specify the date of termination of a spousal support award. In fact, the language allows the trial court to order an award for an undefined duration." Id. at 423, 551 S.E.2d at 21. Thus, we cannot say that the trial court abused its discretion in awarding wife "periodic payments for an undefined duration."

VII. AMOUNT OF MONTHLY INSTALLMENTS

Next, husband contends that the trial court erred in requiring him to pay $3,000 per month to satisfy the equitable distribution award, costs, and fees awarded to wife because he lacks adequate funds from which to make the monthly payment.

Code § 20-107.3(D) provides, in pertinent part, that "the court has the power to grant a monetary award, payable either in a lump sum or over a period of time in fixed amounts, to either party."

The record reflects no abuse of discretion. The payment plan, in effect, gives husband an opportunity to pay his equitable distribution award and costs over approximately a five-year time span rather than having it due upon entry of the order. Credible evidence supports the trial judge's finding that husband has the ability to pay according to the payment plan.

## VIII. ATTORNEY'S FEES AND COSTS

Lastly, husband argues that the trial court abused its discretion in awarding wife attorney's fees of $15,000, $1,250 as her half of the commissioner's fee and $5,000 toward the cost of the valuation of husband's business.

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citing Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976)).

"'Where . . . the trial court finds the wife needs and is entitled to maintenance and support and the husband has the financial ability to meet those needs, its failure to award counsel fees to her is, in our opinion, an abuse of . . . discretion.'" Poliquin v. Poliquin, 12 Va. App. 676, 681, 406 S.E.2d 401, 405 (1991) (quoting Thomas v. Thomas, 217 Va. 502, 505, 229 S.E.2d 887, 890 (1976)).

"'[T]he key to a proper award of counsel fees . . . [is] reasonableness under all of the circumstances revealed by the record.'" Poliquin, 12 Va. App. at 682, 406 S.E.2d at 405 (quoting Westbrook v. Westbrook, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988)).

Husband argues that his income of $56,000 per year is insufficient to meet the $21,250 awarded to wife in attorney's fees and costs. However, the commissioner notes that for 1998, husband's "effective income" was $98,243 and if he assumed additional duties as office manager he would have an effective income of $127,902. Further, for 1999, husband had compensation of $96,419 and, with the office manager adjustment, $126,078. The commissioner noted that "it is clear that [husband] can produce significant income, if he can refocus on his business and give it the attention that he previously gave it."

Wife had incurred over $30,000 in attorney's fees and over $10,000 in costs for the business valuation. Wife works part-time at $16 per hour. Under these circumstances, the award of a part of wife's attorney's fees and costs was reasonable. Thus, the trial court did not abuse its discretion in awarding wife attorney's fees.

IX. ATTORNEY'S FEES FOR APPEAL

Wife has requested attorney's fees for matters relating to this appeal. Upon consideration of the entire record in this case, we hold that wife is entitled to a reasonable amount of

- 13 -

additional attorney's fees, and we remand for an award of further costs and counsel fees incurred in this appeal.

For the foregoing reasons, we affirm the trial court and remand for consideration of counsel fees on appeal.

<u>Affirmed and remanded.</u>